## No. 662

### First Circuit

---

## SUCCESSION OF BREEDEN

---

(October 8, 1930. Opinion and Decree.)

---

Cross & Moyse, of Baton Rouge, attorneys for administrator, appellee.

R. F. Walker, of Baton Rouge, attorney for opponent, appellant.

LeBLANC, J. On October 25, 1929, an application was presented to the Nineteenth Judicial District Court for the Parish of East Baton Rouge, by Franklin Breeden, to be appointed administrator of the succession of his father, Rufus K. Breeden, deceased. An inventory of the estate was duly taken, which showed total assets, all personal property, of $861.50. There being no opposition to his application, Franklin Breeden was, in due time, appointed administrator and qualified by taking the oath and furnishing the bond required.

In the course of his administration, he obtained an order of court to sell the movable property in order to pay debts, whereupon his brother, Ernest K. Breeden, applied for an injunction to prevent the sale, claiming that practically all the property listed in the inventory as belonging to the estate belonged to him. A rule nisi was issued ordering the administrator to show cause why the injunction should not issue and the latter filed an answer in which it was admitted that plaintiff in rule was the owner of one of the two horses

inventoried as belonging to the succession and also owned an undivided one-half interest in 17 head of cattle listed in the inventory. His alleged ownership of any other property was denied.

On the trial of the rule the lower court rendered judgment granting an injunction to the extent admitted by the administrator of the succession in his answer, that is, with regard to one horse, described as being a black horse, and an undivided half interest in 17 head of cattle, and otherwise rejected the demands of the plaintiff in rule. An appeal was taken.

The only issue presented is the one of ownership vel non by Ernest K. Breeden of the property claimed by the estate of his father other than that much of it which is admitted to be his. The only proof he submits is his own testimony, not supported by any corroborating facts or circumstances, except a few personal checks drawn by him with certain notations written at the bottom of each, presumably to show that they were issued in payment of some of the items which he claims. The fact that some of the notations referred to are written in different colored ink from the rest of the written part of the checks, casts a certain amount of suspicion around all of his testimony and probably strongly influenced the trial judge when he came to consider it. Besides, he is directly contradicted in all of his claims by his brother, Franklin Breeden, the administrator of the succession, and also in many of them by Mrs. Rufus K. Breeden, widow of the decedent. His claim to the hogs and chickens was clearly disproved by the testimony of these two witnesses, corroborated to a certain extent by that of Mrs. Minnie Noble. With regard to the crops which he says are his property, we find that the claim he really presents is for advances in the way of money paid for labor and fertilizer from which might have enured a privilege, but certainly not their ownership. He produced a receipt for $75 for the payment of a horse which is the horse admitted to be his. His claim to the ownership of the other horse is based on an alleged purchase from one W. L. Hause, which he says took place in 1922. He offered a check in evidence made to the order of W. L. Hause for the sum of $100 which bears the notation "For Horse" but the date of the check is November 3, 1921, which does not correspond with the year of the alleged purchase. Morevore, he states in his testimony that Mr. W. L. Hause, "at the present time is head of the Community House here in Baton Rouge," but he does not produce him as a witness nor offer any explanation why he does not do so, to corroborate his testimony regarding the purchase. He seems to want to create the impression that his father was in rather straitened circumstances and that he came into the ownership of much of this property in an effort to help him out, yet the testimony of his brother, Franklin Breeden, and of Mrs. Breeden is to the effect that his father never was in need of any assistance from him in a financial way and that he died leaving a few dollars in cash and some $200 in bank.

Our consideration of all the evidence in the case satisfies us that the judgment of the lower court rejecting the contested demands of plaintiff in injunction is correct and it is accordingly affirmed.